By the Court.—Ingraham., J.
The certificate ‘of *335 membership in defendant’s association sued on, which is in effect a policy of insurance, was issued on the application of the assured; in which application it was agreed by said assured that “ any untrue or fraudulent statement made by me, or to any medical examiner for said association, or any concealment of facts by me, shall forfeit and cancel all rights to any benefit under the above named contract,” which agreement was signed by the assured; and the said certificate of membership issued upon the application, provides that “ in consideration of the representations and agreements made in the application herefor, and which is a part of this contract, and of each of the statements made therein which, whether written by his own hand or not, every person accepting or acquiring any interest in this contract hereby adopts as his own, and admits to be material, and warrants to be full and true and to be the only statements upon which this contract is made, etc.”
It is clear that, by the application and policy, the assured warranted the truth of the several answers, and that compliance with such warranty was a condition of the. validity of the contract of insurance, and that any substantial deviation from the truth in the answers given was material to the risk, and constituted a breach of the terms of the contract, rendering the policy based upon such answers, void.
This principle is well settled in this state, and has been lately re-affirmed by the Court of Appeals in the case of Dwight v. Germania Life Ins. Co., reported in 103 N. Y. 341.
In the application for the insurance, the assured was asked: “ Have you received any wound, hurt or serious bodily injury ? ” To which he answered, “ No.” The court found as facts: “ Fifth; prior to the making and delivery of the said application, the said John S. Bancroft had received a wound. Sixth; that, prior to the making and delivery of the said application, the said John S. Bancroft had received a hurt. Seventh; that, *336 prior to the making and delivery of the said application, the said John S. Bancroft had received a serious bodily injury.” And the only question presented is whether there was evidence to sustain these findings.
It appeared, and the court found, that, a little over a year prior to the making of the application, the said Bancroft, while engaged in fencing, received a blow from a foil on the throat in the neighborhod of, or upon, the Adam’s apple; that, in a few seconds thereafter, he raised a little blood; that the force of said blow produced an abrasion, wound or hurt on the inside of the windpipe, and that, shortly thereafter, the said John S. Bancroft was confined to his bed during the whole, or the greater part, of three days, and, during that time, was attended by a physician.
A consideration of the evidence satisfies us that there was sufficient to sustain these findings. The injury received was followed by the spitting of blood, and by it the assured was confined to his bed for two or three days. Upon no reasonable interpretation of the language used could it be held that this was not. a wound or a hurt.
It is not necessary for us to hold that, if the court on the evidence had found for the plaintiff, there would not be evidence to sustain such a finding.
There is sufficient evidence to sustain the finding made.
As was said by the Court of Appeals, in Dwight v. Germania Life Ins. Co. (supra): “Parties to an insurance contract have the right to insert such lawful stipulations and conditions therein as they may mutually agree upon, or which they may consider necessary and proper to protect their interests, and which when made' must be construed and enforced, like all other contracts, according to the express understanding and intent of the parties making them, If the insurance policy, in plain and unambiguous language, makes the observance of an apparently immaterial requirement a *337 eondition of a valid contract, neither courts nor juries have the right to disregard it, or construct, by implication or otherwise, a new contract in the place of that deliberately made by the parties.”
Applying this rule to the facts as found by the court, the defendant is entitled to judgment. Judgment must therefore be affirmed with costs.
Freedman, J., concurred.